Caruthers,'J.,
delivered the opinion of the Court.
This was an action of debt, commenced on the 9th January, 1855, upon the official bond of Edward Choat, as sheriff of Fentress county, dated 6th April, 1840, against the defendants, as his sureties, for failure in the performance of his duty, upon writs of execution in favor of plaintiffs, against Gatewood and Phillips, issued upon a judgment rendered in October, 1840.
It appears' that an execution issued upon this judgment on the 13th March, 1841, was levied on six head of horses, which were of value sufficient to satisfy the debt, but were not sold for “want of bidders:” two attempts, after public notice, having been made before the return day. From the next term an alias fi. fa. issued, and was levied upon the same property; a similar return was made to the succeeding term.— After these various failures to sell for want of buyers, it seems that the horses levied upon were left with the defendants. Choat went out of office at the end of his term, and remained several years in the county without any action against him, and moved to another State a few years ago, with a good property. It was proposed to prove in defence that. Several fi. fas. issued afterwards by the plaintiffs, and were placed in the hands of one Frogg, who was the successor of Storie, who came in after Choat, as sheriff of Fentress, and that the money was collected by him in February, 1849, as such sheriff. A plea appropriate to this defence had been offered at the proper time and rejected by the Court.
*409 This suit is brought more than twelve years after the liability accrued against the sureties for the default of their principal. There is no doubt but that the sheriff rendered himself liable in law for the debt of the plaintiffs. This question was decided in the case of Governor Campbell, for the use, &c., vs. Jesse Cobb, and others.—2 Sneed R. We there held that it was no discharge of the sheriff, that he could not sell for want of bidders, but only an excuse to the Court, and to save himself from responsibility; he must sell for some price, and not return the property to the execution debtor. That decision was well sustained by the authorities cited, and on that point settled the law.
That is this case, and the present plaintiffs’ liability to the execution creditors, was clearly fixed by the principle of that decision.
The only question now is, whether the plaintiffs have waived their right to recover, or lost it by subsequent occurrences.
It would certainly seem most strikingly unjust to allow them, after lying by twelve years, and permitting the officer to leave the county full handed, to enforce their claim against innocent sureties, who surely had good cause to believe that the plaintiffs did. not look to them to answer for this default of their principal after so great a lapse of time. The subsequent issuance, from time to time, of alias fi. fas. and writs of vendi-tioni exponas, to two succeeding sheriffs, was strongly confirmatory of this conclusion.
It is well settled, however, that the issuance of alias writs, and even the receipt of part of the judgment on them, after the officer had made himself liable by his *410 action, or failure to act and perform his duty on a previous one, is no waiver or discharge as to the amount not collected.—Doyle vs. Erwin, 4 Humph., 309. Nor will it have this effect, even if ordered out by the plaintiff.—Barnes vs. White, 2 Swan, 443.
But the case presented by the rejected plea and proof, is, that the whole of the judgment was collected by the sheriff, Frogg, and the execution satisfied upon an alias ordered out by the plaintiffs. This, we think, presents the question in a new and different aspect.
If the money had been paid over by Frogg, there is no doubt but that it would have been a good de-fence to this action.—Smith vs. Van Bibber, 1 Swan, 110. There can be no good reason why the effect should not be the same where an alias is issued at the instance of the plaintiffs, and the amount collected by the sheriff, and the judgment thereby discharged, whether the money is paid over or not. In such a case the party should be made to look to the last officer and his sureties, for the default, instead of the former. He should be held to his election. The money having been made, and the defendants in the original suit discharged, he cannot be allowed to hold the former officer liable for his non-feasance in the same case. Under such circumstances, he must be held to have waived his right of action against the former officer, and can only seek redress against the latter, whose action in the matter he has superinduced by ordering the alias into his hands.
It does not follow, that because the mere fact of issuing, an alias is no waiver of his right of action against the officer who has rendered himself liable, *411 that additional facts may not have that effect. This fact alone, is certainly one circumstance to show a waiver. The single additional fact that a number of yeai’s have been permitted to pass when the officer was solvent, would go a great ways, if unexplained, to shew a waiver. But in the case before us, no steps were taken until the officer had left the county, and various writs had been ordered out by the plaintiffs and placed in the hands of two succeeding sheriffs. It is unnecessary now to decide whether all this would be sufficient to exonerate the original officer ^ or his sureties; but this, and the fact that the money was collected, though not paid over, we do regard as sufficient to establish a waiver, and defeat the action.
The judgment will therefore be reversed, and the? .cause remanded.